GOLDEN *v*. GOLDEN ET AL.

[No. 19,377. Filed June 6, 1962. Rehearing denied July 26, 1962.]

640

*Vernon E. St. John, Robert E. Peters,* both of Lafayette, *Dice & Keith,* and *Russell T. Keith,* of counsel, of Peru, for appellant.

*James F. Volpert,* of Peru, for appellees.

RYAN, J.—The appellant, Lewis E. Golden, filed his complaint against the appellees, Charles F. Golden, Ina Chloe Golden, Paul F. Golden, and Helen Golden, in one pleading paragraph alleging in substance that Charles and Ina Golden had executed a promissory note in the amount of Seventeen Thousand ($17,000.00) Dollars in favor of the appellant and that such note was due and unpaid. The complaint further alleged that the defendants-appellees, Charles and Ina Golden, were at the time of the execution of their promissory note, owners in fee simple of real estate located in Miami County, Indiana, which was of the value of not less than Thirty Thousand ($30,000.00) Dollars, and that Charles and Ina Golden had conveyed said real estate to Paul and Helen Golden after the due date of the note "for the purpose and with the intent to cheat, hinder, and delay their creditors, including plaintiffs, and to avoid the payment of said note, . . . ." Further, that Paul and Helen Golden "received and accepted said conveyance with full knowledge that the same was made for the purpose of defeating the creditors . . . " of the appellees, Charles and Ina Golden, and further that Charles and Ina Golden had not at the time of said conveyance, nor do they have now, "sufficient other property subject to execution to pay their debts." The prayer for relief demanded judgment for Twenty Thousand ($20,000.00) Dollars and "that said deed be declared void as against creditors, and that said real estate be subject to the payment of plaintiffs' judgment herein, . . . ."

The appellees filed their answer in three paragraphs, Paragraph One being an answer under Supreme Court Rule 1-3; Paragraph Two alleging in substance that after the execution of the alleged note, two thousand

(2000) shares of the Golden Precision Instrument Company, Inc. stock were issued in the name of, delivered to and accepted by, Lewis E. Golden and Ada E. Golden, and that the appellant received the same in full satisfaction and "discharge of said cause of action in the complaint alleged"; and a third paragraph in which they alleged that a stock certificate for two thousand (2000) shares of the Golden Precision Instrument Company, Inc. stock was issued in the name of, delivered to and accepted by, Lewis E. Golden and Ada E. Golden, in full payment of said alleged note, and that said stock was issued upon the request of the appellant, and further that "for a period of approximately 9 months, the plaintiffs, by their voluntary conduct, assumed the role of stockholders and also maintained possession of the alleged note without the knowledge or consents of the defendants."

Trial was had by the court, without the intervention of a jury, and upon the conclusion of the evidence the court rendered judgment for the defendants-appellees and against the plaintiff-appellant. Appellant then filed his motion for a new trial, which contained the specifications that the decision of the court was not sustained by sufficient evidence and was contrary to law. The motion for a new trial was overruled, and the appellant now assigns as error the overruling of his motion for a new trial.

This being a negative judgment against the appellant, the specification that the decision was not sustained by sufficient evidence presents no question for review. However, the specification that the decision was contrary to law presents us with the question as to whether or not, under the evidence, the appellant was denied relief to which he

was entitled. A careful examination of the evidence as adduced at the trial shows conflict therein, and under the law we may therefore consider only that evidence most favorable to the appellees.

We should further point out that we will limit our discussion to those arguments which the appellant asserts in his brief. A fair statement of such arguments may be summarized as follows, and we quote directly from appellant's brief:

"*Point 1.* The appellee, Charles F. Golden, failed to prove payment of the note held by appellant by third party issuance of corporate stock to appellant on orders of the appellee, Charles F. Golden, not at request of appellant.

"*Point 2.* The appellee, Charles F. Golden, took back possession of the corporate stock and returned it to the corporation. He neither pleaded nor proved tender of said stock, nor did he bring it into Court so that title could pass to the appellant. Appellee, Charles F. Golden, never demanded the note or ask for its surrender.

"*Point 3.* Appellees, Charles F. Golden and Ina Chloe Golden, conveyed without consideration, their real estate, to their son, leaving no property subject to appellant's note, the voluntary conveyance having a value of $22,750.00."

The promissory note which concerns us here had been executed by Charles F. and Ina Chloe Golden on January 1, 1954, and contained an option to purchase stock. Charles F. Golden incorporated the Golden Precision Instrument Company, Inc. and turned over to such corporation approximately One Hundred Fifteen Thousand ($115,000.00) Dollars in assets. In turn, the corporation was to assume all the liabilities of Charles F. Golden. It is undisputed that two separate stock certificates were issued to the appellant, each for two thousand (2000) shares of stock

in the Golden Prescision Instrument Company, Inc., which had a par value of Ten ($10.00) Dollars. The first certificate was made out in the name of Lewis E. Golden. The evidence reflects that the second certificate for two thousand (2000) shares was made out to the appellant and his wife. The evidence is in conflict as to whether or not this was done at his specific request or at the request of the appellee, Charles F. Golden.

Under this state of conflicting evidence we are unable to agree with the appellant and to state as a matter of law that the burden of proving payment was not sustained by the appellees.

The second contention of the appellant is based upon the fact that the creditor, who in this case was Lewis F. Golden, retained possession of the promissory note, and thus created a prima facie case that the debt was unpaid and that once again the burden of proof was shifted to the appellees. Again the evidence favorable to the appellees indicates that there was some misunderstanding between the appellee, Charles F. Golden, and the secretary of the corporation, and that it was the appellee's, Charles F. Golden, understanding that the note had been returned to the secretary of the corporation.

As to the third contention of appellant, that the conveyance of the real estate was without consideration, we suggest that the burden of proof rested upon the appellant concerning this transaction. We would like to further point out that we can find no indication in the record that the real estate in question was used in any manner or means to secure the promissory note. Again, we need only look to the evidence to find conflict surrounding the circumstances of such conveyance, and we again

point out that under such a state of conflicting evidence we are not at liberty to weigh the evidence and determine the credibility of the witnesses.

The appellant not having presented us with any reversible error, the judgment is affirmed.

Judgment affirmed.

Cooper, P. J., and Ax and Myers, JJ., concur.

NOTE.—Reported in 183 N. E. 2d 91.